ERIC GRANT
United States Attorney
KEVIN C. KHASIGIAN
NICHOLAS M. FOGG
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $79,109,828.17 SEIZED FROM WELLS FARGO SECURITIES LLC ACCOUNT NUMBER 1BD68863, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $1,861,106.49 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 9852677500, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $2,056,207.08 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT NUMBER 000000723026970, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY 1,122,483.28 USDT FROM VIRTUAL CURRENCY ADDRESS TJCaXo9kCxmXXcD4yrELjvzPvAPjg2Tvhe, AND

APPROXIMATELY 54,578.45 USDT FROM VIRTUAL CURRENCY ADDRESS TKKrYKhyaLRd6oVqjCAL31akjvDkwwMHf6,

Defendants.

CASE NO. 2:26-CV-02476-SCD

**NOTICE OF RELATED CASES**

[E.D. CA L.R. 123]

| | |
|---|---|
| EQIBANK LIMITED,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | CASE NO. 2:26-MC-0208-DAD-CKD |

TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The United States of America, through its undersigned counsel, hereby gives notice that the above-captioned matters are related cases within the meaning of Local Rule 123. These cases involve the same parties, are based on the same or similar facts, and involve substantially the same property, and their assignment to the same district judge would avoid substantial duplication of labor by the Court.

In *EQIBank Limited v. United States*, Case No. 2:26-MC-0208-DAD-CKD, plaintiff EQIBank Limited ("EQIBank") filed a motion under Federal Rule of Criminal Procedure Rule 41(g) for the return of property—specifically, funds held in five bank accounts. EQIBank claimed that it entrusted the funds held in these five bank accounts to Capstone Limited ("Capstone"), a business located in Sacramento, and that all but $1 million represented liabilities to its depositors. Prior to the filing of EQIBank's Rule 41(g) motion, the United States seized three bank accounts held by Capstone: a Wells Fargo checking account, a Wells Fargo brokerage account, and a JPMorgan Chase ("Chase") checking account.

In *United States v. Approximately $79,109,828.17 Seized from Wells Fargo Securities LLC Account Number 1BD68863, Held in the Name of Capstone Limited, et al.*, No. 2:26-CV-02476-SCD, the United States filed a verified complaint for forfeiture *in rem* against approximately $81 million seized from two Wells Fargo accounts, approximately $2 million seized from a Chase account, and nearly $1.2 million in cryptocurrency seized from two cryptocurrency wallet addresses controlled by Capstone. The Wells Fargo and Chase bank accounts were opened and maintained by Capstone. The United States alleges that the seized funds are the proceeds of, and were involved in, various criminal violations supporting forfeiture, including false statements to banks, wire fraud, money laundering, and unlicensed

money transmission.

The two cases are related under Local Rule 123. They involve the same core activity—Capstone's bank accounts and the movement of hundreds of millions of dollars through them—and the same parties, financial counterparties, and financial institutions. They also involve substantially the same funds, because the accounts at issue in the *in rem* forfeiture action are the same assets that underpin EQIBank's Rule 41(g) motion.[1] Both cases involve complex financial transactions, and having a single judge familiar with the underlying facts will conserve judicial resources and promote the efficient administration of justice. Assignment of the new civil case to the same judge is likely to effect a substantial savings of judicial effort and to avoid substantial duplication of labor by the judges of this district, including on overlapping legal and discovery issues. *See* E.D. Cal. L.R. 123.

For the foregoing reasons, the United States respectfully requests that these cases be assigned to a single judge—specifically, to the Honorable Dale A. Drozd, to whom the earlier-filed action is assigned—in accordance with Local Rule 123.

Dated: 8/14/2026

ERIC GRANT
United States Attorney

By: /s/ Kevin C. Khasigian
NICHOLAS M. FOGG
KEVIN C. KHASIGIAN
Assistant U.S. Attorneys

[1] The *in rem* defendants in the civil action overlap substantially with the property sought for return in the Rule 41(g) motion, with a few differences. EQIBank correctly identifies the two Wells Fargo accounts and amounts seized but seeks approximately $7.5 million more from the Chase account than was seized, and funds from two accounts that were not seized. The *in rem* action seeks forfeiture beyond the Wells Fargo and Chase accounts to include two cryptocurrency wallet addresses that are not identified in the Rule 41(g) motion, which was denied by the Court on or about July 16, 2026. The Rule 41(g) proceeding was unsealed on or about August 11, 2026.