COOLEY LLP
BRIAN KLEIN (258486)
(bklein@cooley.com)
VIVIANA ANDAZOLA MARQUEZ (354307)
(vandazolamarquez@cooley.com)
350 South Grand Avenue, Suite 3200
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

JOHN BOSTIC (264367)
(jbostic@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

Attorneys for Claimant Capstone Limited

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $79,109,828.17 SEIZED FROM WELLS FARGO SECURITIES LLC ACCOUNT NO. 1BD68863, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $1,861,106.49 SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 9852677500, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $2,056,207.08 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT NO. 000000723026970, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY 1,122,483.28 USDT FROM VIRTUAL CURRENCY ADDRESS TJCaXo9kCxmXXcD4yrELjvzPvAPjg2Tvhe, AND

APPROXIMATELY 54,578.45 USDT FROM VIRTUAL CURRENCY ADDRESS TKKrYKhyaLRd60VqjCAL31akjvDkwwMHf6,

Defendants.

Case No. 2:26-cv-02476-DAD-CKD

**CLAIMANT CAPSTONE LIMITED'S *EX PARTE* APPLICATION, OR IN THE ALTERNATIVE, MOTION FOR ADMINISTRATIVE RELIEF, FOR AN ORDER SHORTENING TIME ON CLAIMANT'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

Dept: Courtroom 4
Judge: Hon. Dale A. Drozd

Pursuant to Eastern District of California Local Rule 144(e), claimant Capstone Limited ("Capstone") respectfully requests that this Court issue an order establishing an expedited briefing and hearing schedule for Capstone's concurrently filed Notice of Motion and Motion to Stay Discovery Pending Resolution of Motion to Dismiss (the "Motion to Stay"). To the extent this Court instead construes this request as one for administrative relief, Capstone alternatively submits this filing as a Motion for Administrative Relief pursuant to Local Rule 233, as the requested relief—shortening the briefing and hearing schedule for a pending motion—falls within the scope of that Rule.

On October 5, 2026, Capstone moved to dismiss the government's Complaint for forfeiture. (Dkt. 14.) Twelve days later, on October 17, 2026, the government served Capstone with 60 Supplemental Rule G(6) special interrogatories and filed a Notice Regarding Timing of its response to that motion. (Dkts. 19 and 20.) Capstone's responses to the interrogatories are currently due November 7, 2026, nine days before the currently-scheduled November 16, 2026 hearing on its Motion to Dismiss. Capstone's concurrently filed Motion to Stay, brought under Federal Rule of Civil Procedure 26(c), asks this Court to stay the government's interrogatories so as not to delay the adjudication of the Motion to Dismiss.

If the Motion to Stay is not heard and decided expeditiously, Capstone's dispositive Motion to Dismiss will remain unaddressed, causing substantial unfair harm to Capstone and its customers. This harm arises from the government's seizure of nearly $82 million of operating and custodial funds from Capstone months ago. The government's seizure of those funds is improper because, as set forth in the Motion to Dismiss, the government's complaint is procedurally defective and fails to sufficiently tie those funds to offenses. Allowing the government's discovery requests to delay consideration of the Motion to Dismiss will deprive Capstone and other parties of the means to challenge that improper seizure in a timely fashion. Good cause therefore exists to shorten time so that the Motion to Stay can be heard promptly.

Local Rule 144(e) permits this Court, upon a showing of good cause, to shorten the time otherwise required for the hearing of a motion. *See* E.D. Cal. L.R. 144(e). To the extent this Court instead treats this request as a motion for administrative relief, Local Rule 233 likewise permits

"requests to shorten time" to be decided on an expedited basis upon a showing of good cause. *See* E.D. Cal. L.R. 233. As set forth in the concurrently filed Declaration, counsel for Capstone sought but was unable to obtain the government's stipulation to a shortened briefing and hearing schedule, necessitating this request.

Good cause exists here for several reasons. First, the relief Capstone seeks is narrow. Capstone does not ask this Court to resolve the Motion to Stay without full briefing. It asks only that the existing schedule be compressed so that the question whether discovery should proceed can be decided before the scheduled hearing on the Motion to Dismiss. Such relief can minimize the significant undue harms Capstone and its customers are continuously facing as a result of the government's actions.

Second, resolving the Motion to Stay on shortened time serves the interests of judicial economy and avoids unnecessary burden and expense. As set forth in the concurrently filed Motion to Stay, Capstone's pending Motion to Dismiss is dispositive of this entire action. If this Court grants the Motion to Dismiss, any discovery Capstone is compelled to provide in the interim will have been unnecessary, and the resources expended by Capstone and by the government in reviewing Capstone's responses will have been wasted. *See Fields v. Roberts*, 2013 WL 5230034, at *2 (E.D. Cal. Sept. 15, 2013) (granting stay of discovery pending resolution of motion to dismiss where responding to discovery "would be a waste of resources" if the dispositive motion were granted).

Third, the parties' unresolved dispute over the sequencing of these rapidly approaching proceedings creates an urgent need for judicial guidance. On October 17, 2026, the same day it served its Rule G(6) interrogatories, the government filed a Notice advising this Court that its obligation to respond to the Motion to Dismiss would be deferred pending Capstone's responses to those interrogatories or resolution of any motion to strike. (Dkt. 20.) Capstone disputes that position for the reasons discussed herein and in its Motion to Stay. Only this Court can resolve that impasse before the passage of time renders it moot to Capstone's detriment.

Fourth, no party will be prejudiced by shortening time. The government has been on notice of Capstone's position since the parties met and conferred regarding this Motion pursuant to Local

Rule 251, and Capstone's proposal accommodates an anticipated response from the government regarding the Motion to Stay. Claimant EQIBank has also appeared in this action, but shortening time on Capstone's Motion to Stay would not implicate EQIBank's interests or impose any obligation on EQIBank. To the contrary, it is the absence of relief that risks prejudice to EQIBank, as both EQIBank and Capstone have been improperly deprived of tens of millions of dollars in seized funds.

For these reasons, Capstone respectfully requests that this Court grant this *Ex Parte* Application and enter an order shortening time for briefing and hearing Capstone's Motion to Stay. Specifically, Capstone proposes that the government file any opposition to the Motion to Stay within three (3) business days of the Court's order on this Application, and that Capstone file any reply within one (1) business day thereafter. Should this Court ultimately grant the Motion to Stay, Capstone respectfully requests that this Court reset the deadlines for the government's Opposition and Capstone's Reply to the Motion to Dismiss in order to preserve the current hearing date.

This *Ex Parte* Application is based on this Notice, the attached Declaration, the concurrently filed Motion to Stay, the pleadings and papers on file in this action, and such further argument and evidence as may be presented at or before this Court's determination of this *Ex Parte* Application.

For this Court's convenience, a Proposed Order is attached and a Word version will be emailed to the courtroom deputy.

Dated: October 20, 2026

COOLEY LLP

By: */s/ Brian Klein*
Brian Klein

Attorneys for Claimant Capstone Limited