Jessica Ruth Lobis Buckwalter, Esq. (State Bar No. 199200)
Arthur D. Middlemiss, Esq. (admitted *pro hac vice*)
Anthony M. Capozzolo, Esq. (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
(202) 659-7971
jessica.buckwalter@lbkmlaw.com
arthur.middlemiss@lbkmlaw.com
anthony.capozzolo@lbkmlaw.com

*Attorneys for Claimant EQIBank Limited*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

APPROXIMATELY $79,109,828.17 SEIZED FROM WELLS FARGO SECURITIES LLC ACCOUNT NO. 1BD68863, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $1,861,106.49 SEIZED FROM WELLS FARGO BANK ACCOUNT NO. 9852677500, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY $2,056,207.08 SEIZED FROM JPMORGAN CHASE BANK ACCOUNT NO. 000000723026970, HELD IN THE NAME OF CAPSTONE LIMITED,

APPROXIMATELY 1,122,483.28 USDT FROM VIRTUAL CURRENCY ADDRESS TJCaXo9kCxmXXcD4yrELjvzPvAPjg2Tvhe, AND

APPROXIMATELY 54,578.45 USDT FROM VIRTUAL CURRENCY ADDRESS TKKrYKhyaLRd6oVqjCAL31akjvDkwwMHf6,

*Defendant.*

No. 2:26-cv-02476-DAD-CKD

**CLAIMANT EQIBANK LIMITED'S NOTICE OF JOINDER IN CLAIMANT CAPSTONE LIMITED'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS AND MOTION TO DISMISS**

Judge: Hon. Carolyn K. Delaney Hearing Date: December 2, 2026, 10:00 a.m.
Courtroom 24

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Claimant EQIBank Limited ("EQIBank") hereby joins in, adopts, and incorporates by reference Claimant Capstone Limited's Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 37) and Motion to Dismiss (Dkt. 35) including any Notice of Motion, Memorandum of Points and Authorities, and all supporting papers, as though fully set forth herein. EQIBank respectfully requests that the Court enter a protective order under Federal Rule of Civil Procedure 26(c) staying discovery pending resolution of the Motion to Dismiss, and to Dismiss the Complaint on the same terms Capstone requests.

1. EQIBank's verified claim remains operative. EQIBank gives notice that its verified claim, filed on October 16, 2026 (Dkt. 17), remains operative and in effect with respect to the United States' Amended Complaint, filed on October 26, 2026 (Dkt. 28). The Amended Complaint seeks forfeiture of the same defendant property under statutory theories already asserted in the original Complaint. EQIBank continues to assert the same ownership and beneficial-ownership interests set forth in its verified claim, excluding the 54,578.45 USDT seized from virtual currency address TKKrYKhyaLRd6oVqjCAL31akjvDkwwMHf6, in which EQIBank has not asserted an ownership interest. Because the Amended Complaint seeks forfeiture of the same assets, EQIBank's existing verified claim continues to provide the notice contemplated by Supplemental Rule G(5). *See United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998). If the Court determines that any further amendment or verification is required, EQIBank respectfully requests an opportunity to cure before any adverse disposition of its claim. *See United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1012–13 (9th Cir. 2013).

2. Basis for joinder. EQIBank is a claimant in this action. It filed a verified claim asserting its interest in the defendant property on October 16, 2026 (Dkt. 17), and it is the party whose Rule 41(g) motion for return of the seized funds preceded this forfeiture action. EQIBank is directly affected by the discovery the stay motion addresses: the Rule G(6) special interrogatories concern the relationship between Capstone and EQIBank and the funds EQIBank claims, and much of the information sought bears on EQIBank's own asserted interest. EQIBank and Capstone are similarly situated with respect to the stay: both seek to defer standing-directed discovery until the dispositive

Motion to Dismiss is resolved, and the harm from the continued asset freeze falls on EQIBank and its customers as well as on Capstone.

3. EQIBank adopts Capstone's grounds. EQIBank joins each ground set forth in Dkt. 37, namely that: (a) the claimants' standing to contest the forfeiture is not reasonably in dispute in light of Capstone's verified claim, EQIBank's corroborating verified claim, and the government's own allegations in the Amended Complaint, so no further Rule G(6) discovery is needed to test standing; (b) the government's special interrogatories exceed the limited scope Supplemental Rule G(6) permits by demanding merits- and transaction-level detail that the Ninth Circuit has held goes beyond identity and relationship to the property; and (c) the continued freeze of the defendant funds inflicts ongoing and escalating harm that a short stay would mitigate without prejudice to the government. EQIBank further adopts the arguments made in Capstone's Motion to Dismiss (Dkt. 35) that (a) the first claim, covering the Wells Fargo Accounts, fails to adequately plead the predicate offenses and proceeds nexus; (b) the second claim fails to adequately connect the seized Chase balance to the alleged wire-fraud proceeds; and (c) the third claim fails to allege sufficient facts to conclude that Capstone was operating as an unlicensed money-transmitting business, for all the reasons stated in Capstone's moving papers (except as to the 54,578.45 USDT seized from virtual currency address TKKrYKhyaLRd6oVqjCAL31akjvDkwwMHf6 for which EQIBank did not assert an ownership interest).

4. EQIBank's interest reinforces the stay. EQIBank asserts an ownership and beneficial-ownership interest in the funds held by Capstone as custodian for EQIBank and its customers, as set forth in its verified claim (Dkt. 17). EQIBank's claim corroborates Capstone's account that Capstone held the seized funds as bailee and custodian for EQIBank and its customers. Because EQIBank's and Capstone's verified claims, taken together with the government's own allegations, establish the claimants' interests in the defendant property, there is no genuine standing question for further Rule G(6) discovery to resolve, and the dispositive Motion to Dismiss can be decided on the present record.

5. Reservation of rights. EQIBank files this joinder without prejudice to, and expressly reserving, all of its rights, including: (a) its innocent-owner defense under 18 U.S.C. § 983(d) and (b) its right to assert additional or independent grounds in support of a stay or in support of dismissal. Nothing in this joinder concedes the government's position on the sequencing of discovery or its response to the Motion to Dismiss, and nothing herein waives any argument available to EQIBank.

6. Relief requested. For the reasons stated in Dkts. 35 and 37 and above, EQIBank respectfully requests that the Court enter a protective order staying discovery pending resolution of the Motion to Dismiss, set a briefing schedule permitting the Motion to Dismiss to be heard on December 7, 2026, and grant the Motion to Dismiss on the same terms Capstone requests.

DATED: November 10, 2026

/s/ Anthony M. Capozzolo (admitted *pro hac vice)*
Jessica Ruth Lobis Buckwalter, Esq.
Arthur D. Middlemiss (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
(202) 659-7971
jessica.buckwalter@lbkmlaw.com
arthur.middlemiss@lbkmlaw.com
anthony.capozzolo@lbkmlaw.com

*Attorneys for Claimant EQIBank Limited*