UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

APPROXIMATELY $79,109,828.17 SEIZED FROM WELLS FARGO SECURITIES, LLC ACCOUNT NO. 1BD68863, HELD IN THE NAME OF CAPSTONE LIMITED, et al.,

Defendant.

No. 2:26–cv-02476–DAD–CKD

ORDER

(ECF No. 37)

Pending before the Court is claimants Capstone Limited and EQIBank Limited's motion to stay discovery pending a ruling on its motion to dismiss. (ECF No. 37.) The motion was submitted pursuant to Local Rule 230(g) and the Court vacated the December 2, 2026 hearing. For the foregoing reasons, claimants' motion to stay discovery pending a ruling on the motion to dismiss is DENIED.

**BACKGROUND**

The Government brings a civil action in rem to forfeit approximately $81 million seized from two Wells Fargo accounts, approximately $2 million seized from a JPMorgan Chase account, and nearly $1.2 million in cryptocurrency seized from two wallets controlled by claimant Capstone Limited. (ECF No. 28 at ¶ 1.) Claimant Capstone Limited filed a verified claim on

October 5, 2026, alleging it is the bailee of approximately $79,109,828.17 seized from Wells Fargo Securities LLC account number 1BD68863, is the owner or bailee of approximately $1,861,106.49 seized from Wells Fargo bank account number 9852677500, is the bailee of approximately $2,056,207.28 seized from JPMorgan Chase Bank account number 000000723026970, is the bailee of approximately 1,122,4893.28 U.S. Dollar Tether ("USDT") from virtual currency address TJCaXo9kCxmXXcD4yrELjvzPvAPjg2Tvhe, and is the owner of approximately 54,578.45 USDT from virtual currency address TKKrYKhyaLRd60VqjCAL31akjvDkwwMHf6. (ECF No. 13 at 2-3.) Claimant EQIBank Limited likewise filed a verified claim on October 16, 2026. (ECF No. 17.)

After the Government's filing of a First Amended Complaint on October 26, 2026, claimant Capstone Limited filed a motion to dismiss on November 2, 2026. (ECF Nos. 28, 35.) On November 4, 2026, claimant Capstone Limited filed a motion to stay discovery pending a ruling on the motion to dismiss with a hearing noticed for December 2, 2026. (ECF No. 37.) Claimant Capstone Limited's motion to stay was accompanied by an ex parte application and order shortening time on the motion to stay discovery. (ECF No. 38.) The Court granted claimant Capstone Limited's ex parte application on November 4, 2026, ordering that: (1) the Government file an opposition to the motion to stay within three business days of the Court's order; (2) claimant Capstone Limited file a reply within one business day of the Government's opposition; and (3) that the December 2, 2026 hearing be vacated. (ECF No. 39.) The Government filed an opposition on November 9, 2026. (ECF No. 43.) Claimant Capstone Limited replied on November 10, 2026. (ECF No. 46.) Also on November 10, 2026, claimant EQIBank Limited joined claimant Capstone Limited's motion to stay discovery and motion to dismiss. (ECF No. 45.) Briefing is now complete.

## LEGAL STANDARDS

"District courts may exercise 'wide discretion in controlling discovery.'" Mlejnecky v. Olympus Imaging America, Inc., 2011 WL 489743, at *5 (E.D. Cal. Feb. 7, 2011) (quoting Little v. City of Seattle, 863 F. 2d 681, 685 (9th Cir. 1988)). Good cause is required for a party to obtain a protective order. See Seven Springs Ltd. Partnership v. Fox Capital Management Corp. 2007 WL 1146607, at *1 (E.D. Cal. Apr. 19, 2007). When deciding to grant a protective order to stay

discovery before a pending motion may be heard, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Id. (citing Panola Land Buyer's Ass'n v. Shuman, 762 F. 2d 1550, 1160 (11th Cir. 1985)). "Second, the Court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." Mlejnecky, 2011 WL 489743, at *6. If either prong of the test is not met, then discovery should proceed. Id.

## DISCUSSION

Claimants move to stay discovery pending the resolution of its motion to dismiss, arguing: (1) that claimants' standing is not genuinely in dispute; (2) the Government's special interrogatory requests are impermissible and go beyond the limited inquiry contemplated by Rule G(6); and (3) not granting claimants' motion would result in further harm to claimant. (ECF No. 37 at 6-13.) Conversely, the Government argues that: (1) Supplemental Rule G(6) governs and the Court lacks discretion to stay discovery pending resolution of the motion to dismiss; (2) even if the Court were to have discretion to grant a stay, claimants' verified claim is deficient; (3) the authorities claimants cite do not apply to this particular posture and do not support an exemption to the limited discovery provided under Supplemental Rule G; (4) Supplemental Rule G allows for claimants to object to the Government's interrogatories; and (5) the two-part test to stay discovery fails. (ECF No. 43 at 5-13.)

The Court finds it would be inappropriate to stay discovery pending ruling on the motion to dismiss because it cannot be decided absent additional discovery. Specifically, the rules governing forfeiture actions in rem authorize the Government to issue special interrogatories upon a claimant within 21 days after service of a motion to dismiss. Supp. R. G(6)(a). These special interrogatories are "limited to [claimants'] identity and relationships to the defendant property." U.S. v. $133,420.00 in U.S. Currency, 672 F. 3d 629, 635 (9th Cir. 2011). The claimant must serve answers or objections to interrogatories within 21 days of service and the Government's response to the motion to dismiss is deferred until 21 days after the claimant's response. Supp. R. G(6)(b)-(c). Accordingly, the Government may then file a motion to strike the claimant's motion to dismiss on the grounds of failure to follow Supplemental Rules G(5) or G(6)

or for lack of standing. Supp. R. G(8)(c). The Government's motion to strike must be decided before a motion to dismiss filed by the claimant. Supp. R. G(8)(c)(ii). "Establishing standing in the context of a forfeiture action before considering the merits of a motion to dismiss makes sense: the defendant in such an action is the res, not the defendant." U.S. v. Vazquez-Alvarez, 760 F. 3d 193, 197 (2nd Cir. 2014).

Here, the Government served its Supplemental Rule G(6) interrogatories on claimant Capstone Limited on November 8, 2026, with a response or objections due by November 29, 2026. (ECF No. 42.) Because an answer has not been filed to the Supplemental Rule G(6) interrogatories, the Government's response to the motion to dismiss is deferred. Supp. R. G(6)(c).

While claimants argue that the Supplemental Rule G(6) interrogatories are unnecessary because their standing to contest the forfeiture is cannot be reasonably disputed, the Court finds the argument unavailing. The Government "is entitled to investigate [claimants'] factual account to see if it holds up." United States v. $1,106,775.00 in United States Currency, 177 F. 4th 976, 977 (9th Cir. 2026). Here, the Government contests claimant Capstone Limited's claim to the res in its opposition. (ECF No. 43 at 6-8.) Specifically, the Government disputes claimant Capstone Limited's characterization of a bailment. Id. Thus, the Court finds the Rule G(6) interrogatories to be "fair game" and declines to stay discovery on this ground. $1,106,775.00, 177 F. 4th, 998.

Further, while claimants attack the propriety of several of the interrogatories for going beyond the "limited" scope as set out in Supplemental Rule G(6), the proper vehicle to contest these interrogatories is not a stay of discovery, but an objection as provided by Supplemental Rule G(6)(b). See Supp. R. G(6)(b); see also Supp. R. G(1). As the Supplemental Rule G(6) interrogatories were served on November 8, 2026, there is still time remaining for claimants to object to any interrogatory under the Federal Rules of Civil Procedure. Thus, the Court declines to stay discovery pending the resolution of claimants' motion to dismiss and need not address whether the motion to dismiss is potentially dispositive of the entire case.

/ / /

/ / /

/ / /

Accordingly, it is HEREBY ORDERED that claimants Capstone Limited and EQIBank Limited's motion to stay discovery pending resolution of the motion to dismiss (ECF No. 37) is DENIED.

Dated: 11/17/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, well.26cv2476