COOLEY LLP
BRIAN KLEIN (258486)
(bklein@cooley.com)
VIVIANA ANDAZOLA MARQUEZ (354307)
(vandazolamarquez@cooley.com)
350 South Grand Avenue, Suite 3200
Los Angeles, California 90071
Telephone: +1 213 561 3250
Facsimile: +1 213 561 3244

JOHN BOSTIC (264367)
(jbostic@cooley.com)
3175 Hanover Street
Palo Alto, California 94304
Telephone: +1 650 843 5000
Facsimile: +1 650 849 7400

ELISSA LOWENTHAL (*pro hac vice*)
(elowenthal@cooley.com)
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 842-7800
Facsimile: (202) 842-7899

*Attorneys for Claimant Capstone Limited*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $79,109,828.17 SEIZED FROM WELLS FARGO SECURITIES LLC ACCOUNT NO. 1BD68863, HELD IN THE NAME OF CAPSTONE LIMITED, *ET AL.*,<br><br>Defendants. | Case No. 2:26-cv-02476-DAD-CKD<br><br>**CLAIMANT CAPSTONE LIMITED'S REQUEST FOR DISTRICT COURT RECONSIDERATION OF MAGISTRATE JUDGE'S RULING AND FOR INTERIM STAY**<br><br>**[EXPEDITED REVIEW REQUESTED]**<br><br>Judge: Hon. Dale A. Drozd<br>Dept: Courtroom 4 |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 303, claimant Capstone Limited respectfully moves this Court for expedited reconsideration of the Magistrate Judge's November 17, 2026 order denying Capstone's motion to stay discovery pending resolution of its motion to dismiss. (*See* Dkt. 50 ("Order").)

The government is seeking to forfeit more than $80 million of legitimate operational funds belonging to Capstone and its customers. The government's case started with a fatally flawed Complaint that failed to plead viable theories for the alleged criminal offenses and failed to allege a sufficient connection between those purported offenses and the seized property. The government's Amended Complaint did not fix the problems; it suffers from the same fundamental defects. Relief cannot come soon enough for Capstone and its customers. The government's seizure and this lawsuit are causing significant ongoing harm to them.

Rather than respond to Capstone's motion to dismiss, however, the government has served 49 special interrogatories purporting to test Capstone's claim to the seized funds and its standing to challenge the Amended Complaint. The government takes the position that this Court should defer consideration of the motion to dismiss until this discovery is addressed to the government's satisfaction. But, as laid out in Capstone's motion to stay, the government's interrogatories are unnecessary and designed to delay the resolution of Capstone's motion to dismiss. The facts substantiating Capstone's claim to the seized funds are already in the government's possession and not in dispute. This Court should not delay adjudication of the motion to dismiss.

The Order is clearly erroneous because it concludes that additional discovery is necessary without addressing, as it should have, whether the facts already in the record satisfy the low threshold for standing at the pleading stage. Ignoring that critical question, the Magistrate Judge failed to exercise a court's inherent authority to manage discovery and grant relief in the interest of justice. Contrary to the Magistrate Judge's reasoning, the availability of individual interrogatory objections does not solve the problem created by the government's delay tactics.

For purposes of this motion, Capstone incorporates by reference its Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Dkt. 37 ("Mot.")) and its Reply in Support

of that Motion (Dkt. 46 ("Reply")), including the factual showings, legal arguments, and supporting authorities presented in those papers. This includes Capstone's prior arguments concerning pleading-stage standing (Mot. at 5-8; Reply at 5-7), the government's existing knowledge of Capstone's interests (Mot. at 8-9; Reply at 4, 8), the scope and burden of the interrogatories (Mot. at 10-12; Reply at 7-9), this Court's authority to grant protective relief and manage the briefing schedule (Mot. at 4-5, 13; Reply at 3-4, 9-10), as well as Capstone's verified claim (Dkt. 13) and EQIBank Limited's verified claim (Dkt. 17).

This Court should reconsider the Order on an expedited basis and grant the protective relief requested in Capstone's prior briefing and below.

## II. LEGAL STANDARD

This Court reviews the Order under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); Local Rule 303(f). A magistrate judge's factual findings or discretionary decisions are clearly erroneous when the reviewing court is left with "the definite and firm conviction that a mistake has been committed." *Caruso v. Solorio*, 2020 WL 6938818, at *1 (E.D. Cal. Nov. 25, 2020). Capstone is not asking this Court to simply substitute its judgment for that of the magistrate judge, but this Court is empowered to correct a ruling that fails to apply or misapplies governing law. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240-41 (9th Cir. 1991). Review of a pure question of law is plenary under the contrary-to-law branch of that standard. *See Caruso*, 2020 WL 6938818, at *1 (recognizing independent, plenary review of purely legal determinations). As explained below, Capstone's clear-error challenge rests not on a mere disagreement over discovery management, but on the Order's reliance on the availability of individual interrogatory objections that do not address the superfluous nature of the discovery overall and the risk of prejudicial delay in adjudicating the motion to dismiss.

## III. ARGUMENT

The Order's conclusion that Capstone's pending motion to dismiss "cannot be decided absent additional discovery" is clearly erroneous in light of the low threshold for pleading-stage standing and the existing record establishing Capstone's interests in the defendant property. (Order at 3; Mot. at 5-9.) Although the Order recognizes this Court's discovery-management discretion, it

fails to properly apply that discretion and instead adopts without analysis the government's position that its disagreement with Capstone's bailment disclosures must be resolved before consideration of the Motion to Dismiss. (Order at 2-4.)

At the pleading stage, a claimant only needs to show a colorable interest in the defendant property. *United States v. $1,106,775.00 in U.S. Currency*, 177 F.4th 986, 992, 997 (9th Cir. 2026) (en banc). An unequivocal assertion of ownership suffices for an ownership interest; a possessory interest requires supporting factual allegations explaining the claimant's possession or relationship to the property. *Id.* at 992, 997.

Here, Capstone's verified claim asserts ownership of a portion of the defendant property and describes its possession of the remainder as bailee and custodian for EQIBank Limited and its customers. (Dkt. 13 at 1-2; Mot. at 7-8.) An additional, independent verified claim from EQIBank corroborates that relationship. (Dkt. 17; Mot. at 7-8.) The government's own allegations concerning Capstone's receipt and processing of funds on EQIBank's behalf are consistent with Capstone's status as bailee. (Dkt. 28 ¶¶ 14-17, 48, 79; Mot. at 8.) A claimant need not supplement its claim with additional evidence where the government has admitted facts sufficient to establish the claimant's interest. *See, e.g.*, *United States v. Real Prop. Located at 17 Coon Creek Rd.*, 787 F.3d 968, 977 (9th Cir. 2015).

The government's purported dispute over Capstone's asserted bailment relationship does not, without more, explain why the pleading-stage standing threshold is not already met. Although the Order relies on what the government claims is a dispute to require further discovery, it does not explain what additional facts concerning the relationship are necessary to establish a colorable interest, given the verified claims and the government's own allegations in the Amended Complaint, which also support Capstone's standing. (*See* Order at 3-4.)

Given the low pleading-stage threshold and the substantial and specific facts already establishing Capstone's ownership and custodial interests, the Order clearly errs in treating the government's contention that there is a dispute over the bailment characterization as sufficient to require further discovery before adjudication of the Motion to Dismiss. Supplemental Rule G(6) prohibits unrelated, excessive, and burden-shifting discovery, and the Ninth Circuit confirms that

the district court has broad supervisory discretion to enforce those limits. *$1,106,775.00 in U.S. Currency*, 177 F.4th at 999-1001.

Even if the purported dispute over the bailment characterization warrants additional inquiry at some point in this case, that does not establish that the government's broad pending discovery should be prioritized over Capstone's motion to dismiss. Particularized objections do not answer whether that discovery serves a necessary purpose before dismissal briefing, despite what the Order states. (*See* Order at 4.) Indeed, many of the government's interrogatories are irrelevant on their face to the narrow question of Capstone's standing. For example, Interrogatory No. 37 concerns Bank Secrecy Act and anti-money-laundering treatment, while No. 42 reaches beyond the defendant property to proprietary or custodial accounts and wallets dating back to January 1, 2024. (*See* Dkt. 41 at 4, 16-17.) The Order fails to explain why those broader inquiries are needed to evaluate Capstone's colorable interest in the seized property. The government's entitlement to investigate standing therefore does not resolve whether protective relief is warranted as to the breadth and timing of these requests.

The looming prospect of a government motion to strike compounds the risk of delay. The government's notice regarding its interrogatories asserts that further briefing on the motion to dismiss would await resolution of a motion to strike. (Dkt. 42 at 2, 4-5.) Relying on particularized interrogatory objections alone ensures that such motion practice would further delay resolution of the case-dispositive issues in the Motion to Dismiss. The relief Capstone seeks is squarely within this Court's discretion over the scope and timing of Rule G(6) discovery. *See $1,106,775.00 in U.S. Currency*, 177 F.4th at 1000-01 (recognizing district courts' "broad discretion in overseeing the discovery process" and leaving sequencing issues to the district court in the first instance). The government cites no authority in its Opposition to the Motion to Stay holding that this Court does not retain the authority to manage discovery in the interest of justice. (*See* Dkt. 43 at 5-6, 11, 13.)

## IV. CONCLUSION

For these reasons, Capstone respectfully requests that this Court reconsider the Order as clearly erroneous and exercise its discovery-management authority to grant a protective order staying discovery pending resolution of the motion to dismiss.

To preserve meaningful review before the November 29, 2026 response deadline stated in the Order, Capstone also requests expedited consideration and an express interim stay or extension of its deadline to respond to the amended interrogatories pending this Court's ruling, with answers or particularized objections due 14 days after that ruling unless otherwise ordered. (*See* Order at 4; Dkt. 41.)

Dated: November 19, 2026

COOLEY LLP

By: */s/ Brian Klein*
Brian Klein

Attorneys for Claimant Capstone Limited